**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CAROLYN M. GLINCOSKY,
        Appellant,

      v.

DEPARTMENT OF THE NAVY,
        Agency.

DOCKET NUMBER
DC-0432-17-0112-I-2

DATE: February 2, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Ernest J. Wright, Esquire, Jacksonville, North Carolina, for the appellant.

Benjamin Ackison and Ralph H. Kohlmann, Esquire, Camp Lejeune, North
    Carolina, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed her removal for unacceptable performance under 5 U.S.C. chapter 43. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Washington Regional

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Office for further adjudication in accordance with this Remand Order and *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## BACKGROUND

¶2      The following facts in this appeal were stipulated to by the parties and are not contested on review.  The appellant occupied a GS-9 Housing Manager position at Camp Lejeune, North Carolina.  *Glincosky v. Department of the Navy*, MSPB Docket No. DC-0432-17-0112-I-2, Appeal File (I-2 AF), Tab 11 at 2.  In April 2016, the agency placed her on a performance improvement plan (PIP) based on alleged unacceptable performance in the critical elements Employee Assessment and Development, Technical Competence, and Supervisory.  *Id.* at 3-6; *Glincosky v. Department of the Navy*, MSPB Docket No. DC-0432-17-0112-I-1, Initial Appeal File (IAF), Tab 7 at 76-79.  After the agency found that the appellant had failed to reach an acceptable level of performance during the PIP, it proposed and effected her removal, effective June 30, 2016, based on unacceptable performance in the above three critical elements.  IAF, Tab 7 at 80, 117-23, 135-43; I-2 AF, Tab 11 at 6-7.  The appellant timely filed this Board appeal challenging the action and alleging race discrimination and a hostile work environment based on race and reprisal for equal employment opportunity (EEO) activity.  IAF, Tab 1 at 3, Tab 8; I-2 AF, Tab 9 at 4, Tab 11 at 8-9.

¶3      At the time the initial decision was issued, the Board's case law stated that, in a performance-based action under 5 U.S.C. chapter 43, an agency must establish by substantial evidence the following:  (1) the Office of Personnel Management approved its performance appraisal system; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the agency warned the appellant of the inadequacies of her performance during the appraisal period and gave her a reasonable opportunity to

improve; and (5) the appellant's performance remained unacceptable in at least one critical element. *White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 5 (2013).[2] Substantial evidence is the "degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree." 5 C.F.R. § 1201.4(p).

¶4      In an initial decision after a hearing, the administrative judge determined that the agency established the elements set forth above, finding that the appellant failed to demonstrate acceptable performance during the appraisal period in three critical elements of her position. I-2 AF, Tab 13, Initial Decision (ID) at 7-25. The administrative judge also found that the appellant failed to prove her affirmative defenses of race discrimination and retaliation for protected EEO activity by preponderant evidence. ID at 26-32.

¶5      In her petition for review, the appellant's arguments generally focus on her PIP, contending that 30 days was too short a period to afford her a reasonable opportunity to improve and demonstrate acceptable performance. Petition for Review (PFR) File, Tab 1 at 2-3. She asserts that her PIP was impossible to pass and claims that the administrative judge ignored her testimony that the hostile work environment she endured both before and during the PIP period interfered with her ability to perform. *Id.* at 3. Although the appellant disagrees with the outcome of her appeal, she does not specifically challenge the administrative judge's finding or the agency's evidence that her performance was unacceptable on the Employee Assessment and Development, Technical Competence, and Supervisory critical elements. ID at 22-26. As discussed below, we discern no basis to disturb the administrative judge's findings in the initial decision.

---

[2] Although *White* provides that criterion 3 requires that performance standards be valid under 5 U.S.C. § 4302(b)(1), the National Defense Authorization Act for Fiscal Year 2018 redesignated subsection 4302(b) as subsection 4302(c). Pub. L. No. 115-91, § 1097(d)(1)(A), 131 Stat. 1283, 1619 (2017).

**ANALYSIS**

The appellant has not established that the administrative judge erred in finding that the appellant was provided with a reasonable opportunity to improve and that her performance was unacceptable on at least one critical element.

¶6 We agree with the administrative judge that the 30-day PIP period was sufficient for the appellant to demonstrate improved performance. ID at 21; *see, e.g.*, *Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 10 (2013) (finding that a 30-day PIP can satisfy an agency's obligation to provide an employee with a reasonable opportunity to demonstrate acceptable performance). We also agree with the administrative judge that the agency established by substantial evidence that it afforded the appellant a reasonable opportunity to demonstrate acceptable performance. ID at 15-21. The administrative judge found that the appellant's supervisor and other agency officials testified in a clear, direct, and straightforward manner that was consistent with the documentation of the deficiencies in the appellant's performance. ID at 20. In contrast, the administrative judge found that the appellant's testimony was neither direct nor straightforward. *Id.* Pursuant to the testimony before her, the administrative judge found that the appellant's supervisor discussed the changes in the appellant's critical elements with her and, along with other agency officials, held substantive weekly PIP meetings in which they repeatedly advised the appellant of what was expected of her to demonstrate acceptable performance. ID at 20-21.

¶7 The appellant cites three Board cases in support of her argument that the agency denied her a fair and meaningful opportunity to improve her performance. PFR File, Tab 1 at 3. In *Beasley v. Department of the Air Force*, 25 M.S.P.R. 213, 215 (1984), the Board found that because the agency did not inform the appellant therein that her performance was unacceptable before it proposed her removal under chapter 43, the agency failed to afford her a reasonable opportunity to improve and demonstrate acceptable performance. The appellant claims this is what happened to her, PFR File, Tab 1 at 3, but, as noted above and

unlike the appellant in *Beasley*, the agency placed her on a PIP before proposing her removal, and we agree with the administrative judge that the record reflects that she received the guidance and time sufficient under that PIP to demonstrate acceptable performance, ID at 20-21. In *Zang v. Defense Investigative Service*, 26 M.S.P.R. 155, 157-58 (1985), the Board also found that the agency failed to afford the employee a sufficient opportunity to improve, finding that the counselling she received was "often disparaging in nature, did not produce guidance or advice on how to improve her work," and did not warn her of any possible performance-based action. Moreover, the Board found that the outcome in *Zang* was pre-ordained because the supervisor in that case "had begun to assemble a secret, negative record" against the employee within 3 days after he began service. *Id.* at 157. Although the appellant here argues that the result in her removal was pre-ordained, PFR File, Tab 1 at 3, she has identified no such evidence in support of her claim. Lastly, the appellant cites *Deskins v. Department of the Navy*, 29 M.S.P.R. 276 (1985), also in support of her claim that the agency denied her a reasonable opportunity to demonstrate acceptable performance, PFR File, Tab 1 at 3. In *Deskins*, the Board found that the appellant therein "was subjected to verbal abuse and denied the additional time and facilities necessary" to demonstrate improved performance. 29 M.S.P.R. at 278. As discussed below, the administrative judge in this matter found otherwise, determining that the credible testimony of the appellant's supervisor showed that she, along with other agency officials, held substantive weekly PIP meetings in which they repeatedly advised the appellant of what was expected of her to demonstrate acceptable performance. ID at 20-21. Thus, we find the cases the appellant cites are all distinguishable from the instant matter.

¶8      Because the record showed that the appellant explicitly acknowledged receipt of her adjusted critical elements, and the testimony of agency officials matched the contemporaneous notes that the appellant's supervisor made of the PIP meetings, the administrative judge found that the agency advised the

appellant of what was expected of her and afforded her a reasonable opportunity to improve her performance.  ID at 20-21.  The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so.  *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).  The appellant offers no such reasons and, consequently, we concur with the administrative judge's analysis.  Moreover, contrary to the appellant's assertion, the administrative judge did not ignore her testimony, PFR File, Tab 1 at 3, but instead concluded that she failed to establish the existence of a hostile work environment, ID at 32; I-2 AF, Tab 9 at 4, 9-13.  Nevertheless, even if the administrative judge had not addressed the appellant's claim or could have gone into greater detail in her analysis, her failure to mention all the evidence of record does not mean that she did not consider it in reaching her decision.  *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

¶9        As noted above, the appellant did not specifically challenge the administrative judge's finding or the agency's evidence that her performance was unacceptable on the Employee Assessment and Development, Technical Competence, and Supervisory critical elements, ID at 22-26, and instead chose to focus on the issues analyzed above.  Nevertheless, we agree with the administrative judge that the agency established that the appellant failed to meet at least one critical element of her position during the PIP.  ID at 21-26.  On the first critical element, Employee Assessment and Development, the administrative judge found that the appellant failed to schedule her employees for training as instructed.  ID at 23; IAF, Tab 7 at 76-77.  Concerning the second critical element, Technical Competence, the administrative judge found that the appellant failed to submit any of the reports required under this element, despite receiving an extension, and failed to address several other issues, including releasing the

daily email inbox, such that her supervisor had to complete this task for her. ID at 23; IAF, Tab 7 at 77-78. On the third critical element, Supervisory, the administrative judge found that the appellant failed to make required bi-weekly visits to the Joint Reception Center, despite her supervisor having reduced the original requirement from weekly visits. ID at 24; IAF, Tab 7 at 78. Under this element, the administrative judge also found that the appellant failed to provide a schedule for the cross-training of her employees and to provide her supervisor with missing documents, such that her supervisor had to get the documents from each of the appellant's subordinate employees herself. ID at 24.

¶10 We discern no reason to disturb the administrative judge's demeanor-based credibility determinations that the agency satisfied its burden to demonstrate the appellant's unacceptable performance under chapter 43. ID at 21-26; *Haebe*, 288 F.3d at 1301. Especially considering the appellant's failure to challenge the administrative judge's finding that she completed only one task on the spreadsheet that her supervisor prepared to help her organize her work, ID at 17-18; IAF, Tab 7 at 115-16, we agree with the administrative judge's ultimate finding that the appellant failed to demonstrate acceptable performance in three critical elements, ID at 21-26.

The appellant has not established any error in the administrative judge's determinations on her affirmative defenses of race discrimination and retaliation for protected EEO activity.

¶11 The appellant does not specifically challenge the administrative judge's findings on her affirmative defenses. The only mention that the appellant makes concerning this issue on review is to reiterate her argument that she was subjected to, among other things, a hostile work environment and harassment that interfered with her ability to perform before and during the PIP period. PFR File, Tab 1 at 3. Concerning the appellant's assertion of race discrimination, as noted above, the administrative judge found no direct or circumstantial evidence to support the appellant's claims. ID at 30.

¶12    Concerning the alleged hostile work environment, we agree with the administrative judge that the appellant's allegations—in which she recounted a regional manager's insistence that she identify the source of a photograph of an individual accused of making threats; a subsequent accusation that the appellant was insubordinate when she refused to do so; and criticism of the appellant's management of her staff—do not describe the sort of severity or pervasiveness required to support her assertion of a hostile work environment.  ID at 32; I-2 AF, Tab 9 at 4, 9-13.  Thus, even if these events occurred, the appellant has not demonstrated that they would be sufficiently severe or pervasive to create a working environment that a reasonable person would find hostile or abusive.  *See, e.g.*, *Godesky v. Department of Health and Human Services*, 101 M.S.P.R. 280, ¶ 14 n.* (2006) (finding that an appellant's allegations did not establish hostile work environment discrimination because he did not show that the complained-of conduct was sufficiently severe or pervasive enough to create an objectively hostile or abusive work environment); *see also Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 754 (1998) (finding that a hostile work environment claim requires a showing of severe or pervasive conduct).

¶13    The appellant also argues that the administrative judge failed to explain why she found the testimony of the appellant's lone witness not credible concerning the allegations of a hostile work environment.  PFR File, Tab 1 at 3.  Contrary to the appellant's assertion on review, the administrative judge explained that she found that the witness's testimony was not clear and straightforward, and she further found that he was biased because the same supervisor had placed the witness on a PIP, after which he had resigned rather than challenge the action.  ID at 29-30; *see Rodriguez v. Department of Homeland Security*, 108 M.S.P.R. 76, ¶ 18 (2008) (upholding the administrative judge's determination that a witness was not credible because of potential bias arising from his removal by the agency), *aff'd*, 314 F. App'x 318 (Fed. Cir. 2009), *overruled on other grounds by Thomas v U.S. Postal Service*, 116 M.S.P.R. 453,

¶ 10 (2011). Considering, as noted above, the lack of any other evidence in support of the appellant's allegations of a hostile work environment, we find that the witness's testimony, as cited by the administrative judge, that the regional manager was hostile to all of the employees in the office is insufficient for the appellant to satisfy her burden to establish that the agency engaged in conduct that was severe or pervasive enough to comprise a hostile work environment. ID at 29; *see Godesky*, 101 M.S.P.R. 280, ¶ 14.

¶14        We note that the administrative judge stated that, to meet her burden of proof on retaliation for EEO activity, the appellant must establish not only that she engaged in protected activity and that the accused official was aware of that activity, but also that there is a "genuine nexus" between the protected activity and the adverse employment action. ID at 31. The administrative judge explained that, to establish such a nexus, the appellant must prove that the employment action was taken because of the protected activity. *Id.* However, under *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 35-51 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25, when an appellant asserts an affirmative defense of discrimination or retaliation under 42 U.S.C. § 2000e-16, the Board first will inquire whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action, *id.*, ¶ 51. Such a showing is sufficient to establish that the agency violated 42 U.S.C. § 2000e-16, thereby committing a prohibited personnel practice under 5 U.S.C. § 2302(b)(1). *Id.*

¶15        Based on our review of the record, we find that the appellant failed to meet her initial burden of showing by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action. As the administrative judge correctly found, the appellant did not present evidence to support her retaliation claim, ID at 31, and her claim is therefore mere

speculation concerning the basis for her removal.[3] Therefore, the appellant failed to establish this affirmative defense.

Remand is necessary to afford the parties an opportunity to submit evidence and argument regarding whether the appellant's placement on a Performance Improvement Plan (PIP) was proper.

¶16    Although the appellant has identified no basis for us to disturb the administrative judge's findings below, we nonetheless must remand this appeal for another reason. During the pendency of the petition for review in this case, the U.S. Court of Appeals for the Federal Circuit held in *Santos*, 990 F.3d at 1360-61, that in addition to the five elements of the agency's case set forth in the initial decision, the agency must also justify the institution of a PIP by proving by substantial evidence that the employee's performance was unacceptable prior to the PIP. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16. Although the record in this appeal may already contain evidence concerning the appellant's performance leading up to the PIP, we remand the appeal to give the parties the opportunity to present argument and additional evidence on whether the appellant's performance during the period leading up to the PIP was unacceptable in one or more critical elements. *See id.*, ¶¶ 15-17. On remand, the administrative judge shall accept argument and evidence on this issue, and shall hold a supplemental hearing if appropriate. *Id.*, ¶ 17.

¶17    The administrative judge shall then issue a new initial decision consistent with *Santos*. *See id.* If the agency makes the additional showing required under *Santos* on remand that the appellant's performance in at least one critical element was at an unacceptable level prior to her placement on the PIP, the administrative

---

[3] Because the appellant here failed to prove her initial burden that a prohibited factor played any part in the agency's decision to remove her, ID at 30-31, we do not reach the question of whether discrimination or retaliation for EEO activity was a but-for cause of that decision. *Pridgen*, 2022 MSPB 31, ¶¶20-25, 30.

judge may incorporate her prior findings on the other elements of the agency's case and the appellant's affirmative defenses in the remand initial decision. *See id.* Regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-PIP performance affects the administrative judge's analysis of the appellant's affirmative defenses, she should address such argument or evidence in the remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

¶18        For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                           /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.